IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIULIO MANNINO and ROSA MANNINO, h/w<br><br>              Plaintiffs,<br><br>v.<br><br>WALMART, INC. d/b/a WAL-MART STORE #5384; WAL-MART STORES, INC.; WAL-MART STORES EAST, LP; and/or ABC INC., (1-5) fictitious names, and/or XYZ CORPORATION (1-5) fictitious names, individually, jointly, severally and/or in the alternative<br>              Defendants. | CIVIL ACTION<br><br>CASE NO.<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Walmart, Inc. d/b/a Wal-Mart Store #5384, Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP (hereinafter referred to collectively as "Walmart") hereby file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. CUM-L-000799-20, where it is currently pending, to the United States District Court for the District of New Jersey, and aver in support thereof as follows:

1. Plaintiffs, Giulio Mannino and Rosa Mannino, h/w (hereinafter referred to as "Plaintiff" and "Plaintiff-wife," respectively, or collectively as "Plaintiffs") initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. CUM-L-000799-20, on December 23, 2020. *See* a copy of Plaintiffs' Complaint attached hereto as Exhibit "A."

2. Plaintiffs served the Complaint upon Walmart's corporate headquarters via certified mail on January 20, 2021.

3. Plaintiff claims that he was injured due to a defective motorized shopping cart at Walmart Store #5384, located in Bridgeton, New Jersey, on January 3, 2019. *See* Exhibit A," ¶¶ 13-15.

4. Plaintiff-wife alleges a loss of consortium. *Id.*, Count Five.

5. The State Court wherein this action was originally filed is located in Cumberland County, New Jersey, which is embraced within this jurisdictional district.

6. Removal from the New Jersey Superior Court for Cumberland County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

7. This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

I. **This Matter Is Properly Removable Based on Diversity of Citizenship.**

8. Plaintiffs aver that they reside in the City of Bridgeton, Cumberland County, New Jersey. *See* Exhibit "A," ¶¶ 1-2.

9. Therefore, Plaintiffs are residents and citizens of the State of New Jersey.

10. Defendant Walmart Inc. (formerly Wal-Mart Stores, Inc.) is a Delaware corporation with its principal place of business located in Bentonville, Arkansas.

11. Defendant Wal-Mart Stores, Inc., as noted above, is a prior corporate name of Walmart Inc.

12. Defendant Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of the State of Delaware with principal business offices located in Bentonville, Arkansas. It is a citizen of Delaware. Walmart Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Walmart Inc. (WMI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMI).

13. None of Wal-Mart Stores East, LP's limited or general partners are citizens of the State of New Jersey.

14. The "ABC" and "XYZ" entities named as Co-Defendants have no citizenship for purposes of diversity. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell*, 57 Fed. Appx. 47, 50-51 (3d Cir. 2002) (where the Third Circuit held there was "no doubt" that it should disregard the citizenship of fictitiously named defendants).

15. Therefore, the Defendants in this matter are citizens of the States of Delaware and Arkansas and diverse from Plaintiffs.

16. Accordingly, the requirements of diversity jurisdiction are satisfied.

**II.     This Matter Is Properly Removable Since The Amount In Controversy Exceeds the Jurisdictional Limit of $75,000.**

17. The Complaint alleges that Plaintiff sustained the following injuries:

> . . . great and serious physical pain, suffering, mental anguish and emotional pain, and suffered severe bodily injuries, including, but not limited to:
>
> - Scar tissue on the retina of his left eye causing visual disturbance
> - Acute head injury
> - Traumatic hematoma of forehead
> - Post-traumatic headaches
> - Cervical facet syndrome
> - Disc herniation at C3-4, C4-5 and C6-7 per MRI
> - Post-traumatic lumbar facet syndrome
> - Disc herniation at L3-4 (per MRI)
> - Post-traumatic lumbar radiculopathy
> - Post-traumatic muscle spasm

*See* Exhibit "A," ¶ 21.

18. The Complaint further alleges that Plaintiff has suffered "great physical pain and suffering, mental pain and suffering, psychological/psychiatric injury, emotional upset and other non-economic losses." *Id.* at ¶ 25.

19. In addition to the severe injuries alleged in the Complaint, other paper that was sent to Walmart pre-suit clearly establishes that the amount in controversy exceeds the jurisdictional limit of $75,000.

20. When a case is not removable based on the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See also* § 1446(c)(3)(A).

21. Prior to filing suit, Plaintiffs forwarded a demand package to Walmart's internal claims handler, Claims Management, Inc. or "CMI."

22. Therein, Plaintiffs claimed $44,956.09 in economic damages alone and stated that Plaintiff's medical treatment was ongoing. *See* correspondence from Plaintiffs' counsel to CMI dated March 23, 2020, attached hereto at Exhibit "B."

23. Plaintiffs also made a settlement demand of $100,000. *Id.*

24. The allegations of severe injuries in the Complaint; combined with alleged medical bills totaling nearly $45,000; and Plaintiffs' settlement demand of $100,000; establish that the amount in controversy exceeds $75,000. *See Teajman v. Frigoletti*, 1997 U.S. Dist. LEXIS 23847, *13 (D.N.J. Feb. 11, 1997) (holding that a case should have been removed at the outset based on allegations of severe injuries and information in the defendant's insurance carrier's possession indicating that the plaintiff had sustained a severe injury).

25. Therefore, based upon the averments in Plaintiffs' Complaint, and other paper described above, Walmart believes and therefore avers that the amount in controversy exceeds $75,000 and the requirements for removal are satisfied.

26. This Notice of Removal is timely as it is filed within thirty (30) days of service of the Complaint.

27. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000 as set forth herein.

28. Accordingly, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.

**WHEREFORE**, Defendants, Walmart, Inc. d/b/a Wal-Mart Store #5384, Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP, respectfully request that this State Action be removed from the Superior Court of New Jersey, Law Division, Cumberland County, to the United States District Court for the District of New Jersey.

Respectfully submitted,
**MCDONNELL & ASSOCIATES, P.C.**

Dated: February 9, 2021      By:      /s/ *Gwyneth R. Williams*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 026781991
Email: pmcdonnell@mcda-law.com
Gwyneth R. Williams, Esquire
Attorney I.D. No. 135232014
Email: gwilliams@mcda-law.com
500 Route 70 West
Cherry Hill, NJ 08002
(T) 856.429.5300 (F) 856.310.7900
*Attorneys for Defendants*