# EXHIBIT "A"

Matthew L. Capone, Esquire
New Jersey State Bar No. 280012018
ROSNER LAW OFFICES, P.C.
311 W. Landis Avenue
Vineland, New Jersey 08360
856-692-6500
Attorney for Plaintiffs
Our File Number: 19-006

| | |
|---|---|
| GIULIO MANNINO and ROSA MANNINO, h/w<br><br>Plaintiff(s)<br><br>vs.<br><br>WALMART, INC. d/b/a WALMART STORE #5384; WAL-MART STORES, INC.; WAL-MART STORES EAST, LP; and/or ABC INC., (1-5) fictitious names, and/or XYZ CORPORATION (1-5) fictitious names, and/or JOHN DOE (1-5) fictitious names,  individually, jointly, severally and/or in the alternative<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CUMBERLAND COUNTY<br><br>Docket No.:<br><br>Civil Action<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

Plaintiff by and through his attorney, Matthew L. Capone, Esquire, by way of Complaint, says:

1. Plaintiff, Giulio Mannino is an adult individual residing in the City of Bridgeton, County of Cumberland, State of New Jersey.

2. Plaintiff, Rosa Mannino is an adult individual residing in the City of Bridgeton, County of Cumberland, State of New Jersey.

3. Defendant Walmart, Inc. d/b/a Walmart Store #5384 with its principal place of business at 702 SW 8th Street, City of Bentonville, County of Benton, State of Arkansas, and at all times relevant herein, was and continues to be a foreign limited liability company

incorporated under the laws of the State of New Jersey and registered to do business in the State of New Jersey.

4. Defendant, Walmart, Inc. d/b/a Walmart Store #5384 at all times relevant herein maintains business premises located at 1130 Highway 77, City of Bridgeton, County of Cumberland, State of New Jersey 08302.

5. At all times material hereto, Defendant, Walmart, Inc. d/b/a Walmart Store #5384, acted or failed to act, by and through its agents, apparent agents, servants, workmen and/or employees in the course and scope of their agency/apparent agency/employment.

6. Defendant Wal-Mart Stores, Inc., with its principal place of business at 702 SW 8th Street, City of Bentonville, County of Benton, State of Arkansas, and at all times relevant herein, was and continues to be a foreign limited liability company incorporated under the laws of the State of New Jersey and registered to do business in the State of New Jersey.

7. Defendant, Wal-Mart Stores, Inc. at all times relevant herein maintains business premises located at 1130 Highway 77, City of Bridgeton, County of Cumberland, State of New Jersey 08302.

8. At all times material hereto, Defendant, Wal-Mart Stores, Inc., acted or failed to act, by and through its agents, apparent agents, servants, workmen and/or employees in the course and scope of their agency/apparent agency/employment.

9. Defendant Wal-Mart Stores East, LP, with its principal place of business at 702 SW 8th Street, City of Bentonville, County of Benton, State of Arkansas and at all times relevant herein was and continues to be a foreign limited liability company incorporated under the laws of the State of New Jersey and registered to do business in the State of New Jersey.

10. Defendant, Wal-Mart Stores East, LP at all times relevant herein maintains business premises located at 1130 Highway 77, City of Bridgeton, County of Cumberland, State of New Jersey 08302.

11. At all times material hereto, Defendant, Wal-Mart Stores East, LP, acted or failed to act, by and through its agents, apparent agents, servants, workmen and/or employees in the course and scope of their agency/apparent agency/employment.

12. At all times relevant herein Defendants, ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, severally and/or in the alternative are heretofore unascertained individuals and/or other legal entities that are the principal, employer, supervisor of Defendant(s) Walmart, Inc. d/b/a Walmart Store #5384, Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and/or the tenant, owner, agent, leasor, employee, controller and/or maintainer of the premises being operated by Defendant(s) Walmart, Inc. d/b/a Walmart Store #5384, Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, at the time of the within described incident.

13. On or about Thursday, January 3, 2019, plaintiff, Giulio Mannino, was a lawful guest and/or business invitee lawfully on the premises of defendants, Walmart, Inc. d/b/a Walmart Store #5384 and/or Wal-Mart Stores, Inc. and/or Wal-Mart Stores East, LP located at 1130 Highway 77, City of Bridgeton, County of Cumberland, State of New Jersey 08302.

14. At the same time and place aforesaid, plaintiff, Giulio Mannino, entered the Walmart store and sat on one of the motorized shopping carts, which appeared to be in working order for patrons as it was located at the entrance of the store in the cart corral.

15. At the same time and place aforesaid, as Mr. Mannino backed the cart out of the corral, it suddenly tipped over and sent him face first into the metal guard rail surrounding the corral, causing him to suffer significant injuries to his left eye, neck and low back.

16. At all times material hereto, Defendants, acting through their employees, created and/or were otherwise responsible for the said dangerous condition and for protecting any of their guests and/or business invitees, including Plaintiff.

17. At all times material hereto, Defendants failed to properly manage and train their employees on how to properly notify customers of the defective motorized shopping cart by removing it from the rotation of patron use or by placing an out-of-order sign on the defective motorized shopping cart.

18. At all times material hereto, Defendant(s) and their employees was/were aware and/or should have been aware of the said dangerous condition.

19. As the result of the aforesaid incident caused by the negligence of Defendants and their employees, Plaintiff was caused to suffer serious injuries and other losses hereinafter more fully set forth.

20. The aforesaid incident was the direct and proximate result of the negligence, carelessness and/or recklessness of Defendant(s) and their employees, and was due in no part to any act or any failure to act on the part of Plaintiff.

21. As the direct and proximate result of the negligence, carelessness and/or recklessness of Defendant(s) and their employees, Plaintiff, Giulio Mannino, has undergone and endured great and serious physical pain, suffering, mental anguish and emotional pain, and suffered severe bodily injuries, including, but not limited to:

- Scar tissue on the retina of his left eye causing visual disturbance
- Acute head injury

- Traumatic hematoma of forehead
- Post-traumatic headaches
- Cervical facet syndrome
- Disc herniation at C3-4, C4-5 and C6-7 per MRI
- Post-traumatic lumbar facet syndrome
- Disc herniation at L3-4 (per MRI)
- Post-traumatic lumbar radiculopathy
- Post-traumatic muscle spasm

22. As a further result of the incident as aforementioned, plaintiff, Giulio Mannino has been obliged to receive and undergo medical attention and come to expend various sums of money and to incur various expenses for the injuries suffered and may have to expend such sums in the future and is/are entitled to reimbursement for medical expenses including but not limited to, out-of-pocket expenses, deductible and co-payment out-of-pocket expenses, all health insurance liens, Medicare liens (past and future), and any other reimbursement due for any reasonable and necessary medical expenses incurred or to be incurred as the result of this accident.

23. As the further result of the negligence, carelessness and/or recklessness of Defendant(s) and their employees, Plaintiff Giulio Mannino has been and will continue to be prevented from engaging in normal daily activities, routines and occupations, all to great emotional and financial detriment.

24. As the further result of the negligence, carelessness and/or recklessness of Defendant(s) and their employees, Plaintiff Giulio Mannino has and will continue to suffer from a loss of earnings and depreciation of earning capacity.

25. As the further result of the negligence, carelessness and/or recklessness of Defendant(s) and their employees, Plaintiff Giulio Mannino has suffered and will continue to suffer from great physical pain and suffering, mental pain and suffering, psychological/psychiatric injury, emotional upset and other non-economic losses.

26. As the further result of the negligence, carelessness and/or recklessness of Defendant(s) and their employees, Plaintiff Giulio Mannino has and will continue to suffer from embarrassment, humiliation and degradation.

27. As the further result of the negligence, carelessness and/or recklessness of Defendant(s) and their employees, Plaintiff Giulio Mannino has and will continue to suffer from fear, apprehension, frustration and anxiety.

28. As the further result of the negligence, carelessness and/or recklessness of Defendant(s) and their employees, Plaintiff Giulio Mannino has and will continue to suffer from the loss of the normal pleasures and enjoyment of life.

**Count One**
**Giulio Mannino vs. Walmart, Inc. d/b/a Walmart Store #5384**

1. Plaintiff repeats each previous paragraph of the Complaint as though fully set forth herein at length.

2. The negligence, carelessness and/or recklessness of defendant Walmart, Inc. d/b/a Walmart Store #5384 and their employees consisted of the following:

   (A) Creating said dangerous condition;
   (B) Permitting an improperly maintained and broken motorized shopping cart to remain in the cart corral for patrons to use;
   (C) failing to properly train employees on how to evaluate and/or maintain and/or display adequate notice for broken motorized shopping carts;
   (D) Failing to properly inspect and warn guests and/or business invitees that the motorized shopping cart was hazardous;
   (E) Failing to give proper and adequate warning of the said dangerous condition to guests and/or business invitees;
   (F) Failing to provide a safe area for guests and/or business invitees;
   (G) Negligently allowing guests and/or business invitees to traverse said area;
   (H) Failing to otherwise protect guests and/or business invitees from said dangerous condition;
   (I) Failing to take/employ suitable safety measures when Defendant(s) knew or should have known of said dangers;
   (J) Being negligent as a matter of law;

(K) Being otherwise careless and negligent under the circumstances and as discovery may disclose.

WHEREFORE, plaintiff, Giulio Mannino, demands judgment in his favor and against defendants Walmart, Inc. d/b/a Walmart Store #5384; Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; and/or ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, severally and/or in the alternative in an amount sufficient to compensate him for his damages, together with interest, costs of this lawsuit, reasonable counsel fees and such further relief as this Court deems just and appropriate.

### Count Two
### Giulio Mannino vs. Wal-Mart Stores, Inc.

1. Plaintiff repeats each previous paragraph of the Complaint as though fully set forth herein at length.

2. The negligence, carelessness and/or recklessness of defendant Wal-Mart Stores, Inc. consisted of the following:

    (A) Creating said dangerous condition;
    (B) Permitting an improperly maintained and broken motorized shopping cart to remain in the cart corral for patrons to use;
    (C) failing to properly train employees on how to evaluate and/or maintain and/or display adequate notice for broken motorized shopping carts;
    (D) Failing to properly inspect and warn guests and/or business invitees that the motorized shopping cart was hazardous;
    (E) Failing to give proper and adequate warning of the said dangerous condition to guests and/or business invitees;
    (F) Failing to provide a safe area for guests and/or business invitees;
    (G) Negligently allowing guests and/or business invitees to traverse said area;
    (H) Failing to otherwise protect guests and/or business invitees from said dangerous condition;
    (I) Failing to take/employ suitable safety measures when Defendant(s) knew or should have known of said dangers;
    (J) Being negligent as a matter of law;

(K) Being otherwise careless and negligent under the circumstances and as discovery may disclose.

WHEREFORE, plaintiff, Giulio Mannino, demands judgment in his favor and against defendants Walmart, Inc. d/b/a Walmart Store #5384; Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; and/or ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, severally and/or in the alternative in an amount sufficient to compensate him for his damages, together with interest, costs of this lawsuit, reasonable counsel fees and such further relief as this Court deems just and appropriate.

### Count Three
### Giulio Mannino vs. Wal-Mart Stores East, LP

1. Plaintiff repeats each previous paragraph of the Complaint as though fully set forth herein at length.

2. The negligence, carelessness and/or recklessness of defendant Wal-Mart Stores East, LP consisted of the following:

   (A) Creating said dangerous condition;
   (B) Permitting an improperly maintained and broken motorized shopping cart to remain in the cart corral for patrons to use;
   (C) failing to properly train employees on how to evaluate and/or maintain and/or display adequate notice for broken motorized shopping carts;
   (D) Failing to properly inspect and warn guests and/or business invitees that the motorized shopping cart was hazardous;
   (E) Failing to give proper and adequate warning of the said dangerous condition to guests and/or business invitees;
   (F) Failing to provide a safe area for guests and/or business invitees;
   (G) Negligently allowing guests and/or business invitees to traverse said area;
   (H) Failing to otherwise protect guests and/or business invitees from said dangerous condition;
   (I) Failing to take/employ suitable safety measures when Defendant(s) knew or should have known of said dangers;
   (J) Being negligent as a matter of law;

(K) Being otherwise careless and negligent under the circumstances and as discovery may disclose.

WHEREFORE, plaintiff, Giulio Mannino, demands judgment in his favor and against defendants Walmart, Inc. d/b/a Walmart Store #5384; Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; and/or ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, severally and/or in the alternative in an amount sufficient to compensate him for his damages, together with interest, costs of this lawsuit, reasonable counsel fees and such further relief as this Court deems just and appropriate.

**Count Four**
**Giulio Mannino vs. ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, severally and/or in the alternative**

1. Plaintiff repeats each previous paragraph of the Complaint as though fully set forth herein at length.

2. At all times material hereto, defendant ABC Inc., (1-5) fictitious names, XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5), fictitious names, created and/or was otherwise responsible for the said dangerous condition and for protecting any of their guests and/or business invitees including plaintiff.

3. At all times material hereto, defendant ABC Inc., (1-5) fictitious names, XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5), fictitious names was aware and/or should have been aware of the said dangerous condition and failed to take reasonable precaution to protect their business invitees.

4. The negligence, carelessness and/or recklessness of defendants ABC Inc., (1-5) fictitious names, XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5), fictitious names that proximately caused said accident, consisted of the following:

   (A) Creating said dangerous condition;
   (B) Permitting an improperly maintained and broken motorized shopping cart to remain in the cart corral for patrons to use;
   (C) failing to properly train employees on how to evaluate and/or maintain and/or display adequate notice for broken motorized shopping carts;
   (D) Failing to properly inspect and warn guests and/or business invitees that the motorized shopping cart was hazardous;
   (E) Failing to give proper and adequate warning of the said dangerous condition to guests and/or business invitees;
   (F) Failing to provide a safe area for guests and/or business invitees;
   (G) Negligently allowing guests and/or business invitees to traverse said area;
   (H) Failing to otherwise protect guests and/or business invitees from said dangerous condition;
   (I) Failing to take/employ suitable safety measures when Defendant(s) knew or should have known of said dangers;
   (J) Being negligent as a matter of law;
   (K) Being otherwise careless and negligent under the circumstances and as discovery may disclose.

5. The aforesaid incident was due to the negligence and carelessness of ABC Inc., (1-5) fictitious names, XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5), fictitious names acting as aforesaid and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

WHEREFORE, plaintiff, Giulio Mannino, demands judgment in his favor and against defendants Walmart, Inc. d/b/a Walmart Store #5384; Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; and/or ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, severally and/or in the alternative in an amount sufficient to compensate him for his damages, together with interest,

costs of this lawsuit, reasonable counsel fees and such further relief as this Court deems just and appropriate.

<u>**Count Five**</u>
<u>**Rosa Mannino v. Walmart, Inc. d/b/a Walmart Store #5384 and/or Wal-Mart Stores, Inc. and/or Wal-Mart Stores East, LP and/or ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, severally and/or in the alternative**</u>

1. Plaintiff repeats each and every paragraph of the Complaint as though fully set forth herein at length.

2. At all times relevant herein Plaintiff, Rosa Mannino, is the wife of plaintiff, Giulio Mannino.

3. Solely as the result of the aforesaid accident caused by the negligence of the defendants, plaintiff, Rosa Mannino was caused to be deprived of the services, consortium, aid, assistance, society, companionship, comfort and earning power of said spouse of which has been and in the future will be to great emotional and financial detriment.

WHEREFORE, plaintiff, Rosa Mannino demands judgment in her favor and against defendants, Walmart, Inc. d/b/a Walmart Store #5384; Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; and/or ABC Inc., (1-5) fictitious names, and/or XYZ Corporation (1-5) fictitious names, and/or John Doe (1-5) fictitious names, individually, jointly, severally and/or in the alternative in an amount sufficient to compensate him for his damages, together with interest, costs of this lawsuit, reasonable counsel fees and such further relief as this Court deems just and appropriate.

Dated: December 23, 2020

*Matthew L. Capone*
Matthew L. Capone, Esquire
Attorney for Plaintiff(s)

## CERTIFICATION

I, MATTHEW L. CAPONE, ESQUIRE, hereby certify that I am an Attorney-at-Law licensed to practice law in the State of New Jersey, that I am counsel for Plaintiff in the above-captioned action and that the subject matter of the above-captioned action is not the subject matter of another action or arbitration proceeding currently pending in this or any other Court.

I further certify that there are no parties necessary for a full and complete adjudication of the claims raised in this action that have not already been joined as partners in this action.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all issues herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules of Court, Matthew L. Capone, Esquire, is hereby designated as trial counsel for the Plaintiff.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made of the defendant for answers to Uniform C and C-2 Interrogatories and Supplemental Interrogatories pursuant to Rule 4:17-1(b).

Dated: December 23, 2020

*Matthew L. Capone*
MATTHEW L. CAPONE, ESQUIRE
Attorney for Plaintiff(s)